UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XAVIER ECCLESTON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. |
| ) | 20-10541-FDS |
| v. ) | |
| ) | |
| WARDEN STEPHEN SPAULDING, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM AND ORDER ON
PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, C.J.**

This is a *pro se* petition for a writ of habeas corpus by a prisoner in federal custody pursuant to 28 U.S.C. § 2241 and the savings clause of 28 U.S.C. § 2255. Petitioner Xavier Eccleston is an inmate at the Federal Medical Center at Devens ("FMC Devens"), located in Ayer, Massachusetts. Respondent Stephen Spaulding is the Warden of FMC Devens.

## I. Background

The following facts are taken primarily from the opinion of the United States District Court for the District of Maryland in *Eccleston v. United States*, 2018 WL 1453332 (D. Md. Mar. 23, 2018).

### A. Factual Background and Trial

This case stems from a drug conspiracy involving the sale of cocaine and crack cocaine in the Kentlands area of Prince George's County, Maryland, between June 2010 and September 2011. Phillip Whitehurst, who led the conspiracy, oversaw a crew of several men who had varying roles in the organization (the "Whitehurst crew"). *Id.* at *1.

Eccleston, a friend of Whitehurst's, was charged with conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846 (Count One), two counts of use of a communications device to facilitate narcotics trafficking in violation of 21 U.S.C. § 843(b) (Counts Eight and Ten), and two counts of possession with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts Nine and Eleven). *Id.* He was represented at trial by attorney Anthony Martin. *Id.* Before trial, Martin advised Eccleston that his criminal history appeared to categorize him as a career offender, which was incorrect. *Id.* During the trial, various members of the Whitehurst crew were called to testify by the government. *Id.* Several cooperators testified that Eccleston was a customer and not a member of the conspiracy. *Id.* However, one cooperator testified that Eccleston had assaulted him and threatened his family unless he agreed to lie to the jury and testify that Eccleston was only a user of cocaine and not a distributor. *Id.* A second cooperator refused to testify because he was concerned for his safety. *Id.*

At trial, one of the co-conspirators testified that the conspiracy trafficked in approximately one kilogram of powder cocaine per month for the 16 months of the charged conspiracy, and approximately three ounces of crack per day. *Id.* at *2. The jury found Eccleston guilty on all counts. *Id.* at *1. However, it found that his personal distribution was limited to between 500 grams to 5 kilograms of powder cocaine and less than 28 grams of crack cocaine. *Id.* at *2.

Before trial, the government filed an information pursuant to 21 U.S.C. § 851 notifying the court of its intent to seek enhanced penalties under 21 U.S.C. § 841 due to Eccleston's prior conviction of a felony drug offense. Thus, the mandatory minimum sentence he faced after conviction was ten years. At sentencing, the government asked the court to hold him responsible

for the entire amount of drugs that the conspiracy trafficked—16 kilograms of cocaine and more than 8.4 kilograms of crack cocaine—because that amount was "reasonably foreseeable to the defendant." *Id.* The judge ultimately determined that Eccleston's criminal activity and relevant conduct involved approximately 16 kilograms of powder cocaine and 28 grams of crack cocaine. *Eccleston*, 2018 WL 1453332, at *2.

Under the Sentencing Guidelines in effect in 2013, that amount of narcotics set a base offense level of 34. The court added two offense levels for obstruction of justice for threatening witnesses and determined Eccleston's criminal history to be a Category III. *Id.* Those calculations resulted in a guideline sentencing range of 235-293 months of imprisonment. *Id.* On January 30, 2013, the court sentenced Eccleston to 210 months on Count One, 96 months on Counts Eight and Ten, and 210 months on Counts Nine and Eleven, all to be served concurrently. *Id.*

### B. Post-Conviction Filings

On January 31, 2013, Eccleston, still represented by Martin, filed a timely appeal to the Fourth Circuit. *See United States v. Eccleston*, 615 F. App'x 767 (4th Cir. 2015). The appeal contended, in part, that the district court erred in attributing 16 kilograms of powder cocaine to him as part of his relevant conduct for sentencing purposes in light of the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013). In *Alleyne*, the Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 791 (quoting *Alleyne*, 570 U.S. at 103). The Fourth Circuit, however, noted that the amount of powder cocaine attributable to Eccleston did not increase the mandatory minimum sentence he faced, but rather was used to determine the sentencing guideline range, and therefore *Alleyne* did not apply. The court thus affirmed the decision of the district court on July 31, 2015.

3

*Id.* Eccleston then filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on March 21, 2016. *See Eccleston v. United States*, 577 U.S. 1227 (2016).

On March 16, 2017, Eccleston, through new counsel, filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. The petition asked the District Court in Maryland to vacate his sentence due to the ineffective assistance of his trial counsel. He alleged that Martin had advised him before trial that he was a career offender, which he was not, and because of that mistaken advice he declined to seek a plea deal that would have resulted in a lighter sentence than the one he received after he proceeded to trial. *Eccleston*, 2018 WL 1453332, at *3. On March 23, 2018, the court denied the petition. *See id.* at *6. Eccleston then filed a notice of appeal to the Fourth Circuit and a motion for a certificate of appealability in the district court on April 26, 2018. On May 1, 2018, the Fourth Circuit remanded the appeal to the district court for the limited purpose of determining whether to grant a certificate of appealability. On May 2, 2018, the district court denied the motion for a certificate of appealability. The Fourth Circuit affirmed the court's decision on September 21, 2018, and denied a petition for rehearing *en banc* on November 20, 2018.

On December 6, 2018, Eccleston filed a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) in the District of Maryland based on Amendment 782 to the Sentencing Guidelines.[1] On April 19, 2019, the court granted the motion and reduced his sentence from 210 months to 188 months of imprisonment. *See United States v. Eccleston*, 2019 WL 1755410, at *4 (D. Md. Apr. 19, 2019).

On June 18, 2020, Eccleston filed a motion for compassionate release pursuant to 18

---

[1] Amendment 782 reduced the base offense level in § 2D1.1 for certain drug offenses by two levels.

U.S.C. § 3582(c)(1)(A) in the District of Maryland. *United States v. Eccleston*, 2020 WL 4042854 (D. Md. July 17, 2020). The court denied the motion on the ground that he "ha[d] not demonstrated 'extraordinary and compelling reasons' for compassionate release." *Id.* at *4.

On March 31, 2020, Eccleston filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2255(e). The petition alleges that Martin rendered ineffective assistance of counsel in the direct appeal because he failed to allege that certain elements that increased the mandatory minimum sentence were not properly found by the jury, in violation of *Alleyne*. (Pet. at 3).

## II.     Analysis

The pleadings of a *pro se* petitioner must be construed more leniently than those drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a petitioner's *pro se* status does not excuse him from complying with procedural and substantive requirements of the law. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

Under 28 U.S.C. § 2255, a petitioner who challenges the validity of his sentence may move to have the court vacate or set aside the sentence. It is well-settled that a petitioner must normally pursue any collateral attack by filing a § 2255 petition with the sentencing court, rather than filing a 28 U.S.C. § 2241 petition in the district in which he is incarcerated. *United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999), *cert denied*, 528 U.S. 1176 (2000); *see Rogers v. United States*, 180 F.3d 349, 357 n.15 (1st Cir. 1999) (noting that a motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself"); *Gonzalez v. United States*, 150 F. Supp. 2d 236, 241 (D. Mass. 2001). The relief requested may be granted on the grounds that the "petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that

5

lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). A petitioner bears the burden of establishing that he is entitled to relief under § 2255. *Id.*

Section 2255 also contains a savings clause, which allows a petitioner to challenge the legality of his sentence through an application for a writ of habeas corpus under 28 U.S.C. § 2241 in the district court for the district where he is incarcerated. *See Barrett*, 178 F.3d at 49. However, the savings clause applies only if a remedy under § 2255 is "inadequate or ineffective to test the legality of [a petitioner's] detention." 28 U.S.C. § 2255; *see also Barrett*, 178 F.3d at 38 (explaining that a petitioner "cannot evade the restrictions of § 2255 by resort[ing] to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651"). Recourse to the savings clause is limited to "rare" and "exceptional" circumstances, where a restriction on § 2255 would result in a "complete miscarriage of justice." *See Barrett*, 178 F.3d at 51; *Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008). A "miscarriage of justice" is defined as "only those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Trenkler*, 536 F.3d at 99 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

The First Circuit has not articulated an exhaustive list of circumstances under which the savings clause applies. *See Barrett*, 178 F.3d at 52. However, it has recognized that the savings clause "has most often been used as a vehicle to present an argument that, under a Supreme Court decision" as to the meaning of a criminal statute, "a prisoner is not guilty within the new meaning attributed to the statute." *Sustache-Rivera v. United States*, 221 F.3d 8, 16 (1st Cir. 2000). Therefore, "[m]ost courts have required a credible allegation of actual innocence to access the savings clause." *Trenkler*, 536 F.3d at 99; *see Barrett*, 178 F.3d at 52-53 (discussing

6

the availability of § 2241 where a petitioner claims "actual innocence").

### A. Lack of Jurisdiction

The Court does not have jurisdiction over the habeas petition because it challenges the validity of petitioner's sentence rather than its execution. *See Plasencia v. Grondolsky*, 2018 WL 6267924, at *3 (D. Mass. Nov. 29, 2018). A claim involving the validity of the sentence falls squarely under 28 U.S.C. § 2255, and as noted a § 2255 petition must be filed in the district court where the petitioner was sentenced. 28 U.S.C. § 2255; *Barrett*, 178 F.3d at 50 n.10. Petitioner was sentenced in the District of Maryland, not Massachusetts. *See Eccleston*, 2018 WL 1453332, at *2.

Moreover, petitioner previously filed a § 2255 petition. If a petitioner has already filed a § 2255 petition, he must receive a certificate of appealability from the appropriate appellate court (here, the Fourth Circuit) to file a "second or successive" petition. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *Trenkler*, 536 F.3d at 96. A numerically second petition is a "second or successive" petition unless it attacks a different criminal judgment; an earlier petition was terminated without a judgment on the merits; the later petition raises the same grounds as a previous petition that had been dismissed as premature; or a state prisoner's petition raises the same grounds as a previous petition that had been dismissed for failure to exhaust state remedies. *See Sustache-Rivera*, 221 F.3d at 12-13.

Petitioner here filed a petition under § 2255 on March 16, 2017, which was denied on March 23, 2018. *Eccleston*, 2018 WL 1453332, at *1. Although he sought to appeal the district court's denial of that motion, the Fourth Circuit declined to issue a certificate of appealability and thus dismissed his appeal. *United States v. Eccleston*, 738 F. App'x 252, 253 (4th Cir. 2018). Moreover, none of the exceptions delineated in *Sustache-Rivera* apply to the current

petition. Thus, it is a "second or successive" petition for which petitioner has not received a certificate of appealability from the appropriate appellate court.

Because the Court lacks jurisdiction to entertain the petition, it must either transfer it to the appropriate court of appeals or dismiss it. *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997) ("[A] district court, faced with an unapproved second or successive habeas petition, must either dismiss it, or transfer it to the appropriate court of appeals.") (internal citations omitted). In determining whether to transfer or dismiss the petition, the Court should consider whether the transferee court has already addressed the allegations raised in the current petition. *Plasencia*, 2018 WL 6267924, at *3. Here, petitioner contends that the mandatory minimum sentence he faced was improperly enhanced without an individualized finding as to the amount of powder cocaine attributable to him. (Pet. at 4, 7).[2] But the Fourth Circuit already heard and rejected that argument when it held that the amount of powder cocaine attributable to petitioner did not increase his mandatory minimum sentence. *Eccleston*, 615 F. App'x at 791. Therefore, there is no reason to transfer this action.

**B.      Statute of Limitations**

The petition was also filed outside the limitations period. A petition under § 2255 must be filed within one year from when the petitioner's conviction becomes final. § 2255(f)(1). A conviction becomes final when either the Supreme Court denies a writ of certiorari or when the time to file such a writ expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, the Supreme Court denied the petition for a writ of certiorari after petitioner's conviction on March

---

[2] Petitioner also contends that the mandatory minimum of five years under 21 U.S.C. § 841(b)(1)(B) was increased to ten years pursuant to a § 851 enhancement "without a[n] individualized findings instruction given to the jury." (Pet. at 3). But the existence of prior convictions is not a fact that requires a jury finding. *See Almendarez-Torres v. United States*, 523 U.S. 224, 243 (1998).

8

21, 2016. *Eccleston*, 577 U.S. at 1227. He filed the current § 2255 petition on March 31, 2020. (Pet. at 9). Consequently, the current petition would time-barred, even if this Court had jurisdiction to entertain it.

   C.      **Savings Clause**

Finally, the savings clause set forth in § 2255 does not apply to the current petition. As noted above, the savings clause permits a habeas petition that challenges the validity of a sentence to be filed under 28 U.S.C. § 2241 in the district court in which the petitioner is incarcerated. *See* § 2255; *Hakim v. Spaulding*, 2019 WL 4218479, at *2 (D. Mass. Sept. 5, 2019). However, relief under § 2241 under the savings clause is only available if § 2255 is "inadequate or ineffective to test the legality of [the] detention." *Barrett*, 178 F.3d at 49 (quoting 28 U.S.C. § 2255(e)). Thus, the savings clause exists for "rare" and "exceptional" circumstances that would otherwise result in a "complete miscarriage of justice." *See Trenkler*, 536 F.3d at 99. The First Circuit has recognized two such circumstances: (1) "a petitioner generally may resort to the savings clause when he makes a credible allegation of actual innocence," and (2) "a petitioner may invoke the savings clause when the Supreme Court has reversed the holdings of the circuit courts regarding the meaning of a statute, and the petitioner is no longer guilty of a crime under the Supreme Court's new interpretation." *Hakim*, 2019 WL 4218479, at *2 (internal quotation and citation omitted). Moreover, actual innocence in this context means factual innocence of the underlying crime, not mere legal insufficiency. *Damon v. United States*, 732 F.3d 1, 5-6 (1st Cir. 2013).

Here, the petition does not credibly allege actual innocence, nor does it allege a new interpretation of a criminal statute. Instead, it contends that petitioner is "actually innocent" of his sentence because the jury did not make an individualized finding about the amount of powder

cocaine attributable to him, which resulted in an increase in the mandatory minimum sentence he faced, and that his counsel failed to raise that issue on appeal. (*See* Pet. at 4, 7). Those contentions, however, do not concern his actual innocence of the crimes for which he was convicted. *See Plasencia*, 2018 WL 6267924, at *3; *Damon*, 732 F.3d at 5-6 (noting that a petition contesting a sentencing enhancement did not raise an "actual innocence" argument). Moreover, petitioner does not contend that a new interpretation of a criminal statute renders him not guilty under the new interpretation. (*See* Pet. 4-5, 7). Thus, he has failed to demonstrate how the calculation of his sentence amounted to a "complete miscarriage of justice." *Trenkler*, 536 F.3d at 99. For these reasons, the savings clause is not applicable to his claims.

### III.     Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2255(e) is DENIED.

**So Ordered.**

Dated:  June 30, 2021

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court